UNITED STATES DISTRIC COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>     v.<br><br>JOHN J. FLATLEY d/b/a JOHN J.<br>FLATLEY COMPANY and LUKE PAGE,<br><br>   Defendants. | Civil Action No. 1:21-cv-00285-JL |

**ANSWER OF DEFENDANT JOHN J. FLATLEY**

Defendant John J. Flatley, by his attorneys, CullenCollimore, PLLC, respectfully requests a jury trial on all claims so triable and answers the Complaint as follows:

**NATURE OF THE ACTION**

1. Paragraph 1 contains no factual assertions that warrant an answer. To the extent an answer is required, Paragraph 1 is denied.

2. Paragraph 2 contains no factual assertions that warrant an answer. To the extent an answer is required, Paragraph 2 is denied.

3. Paragraph 3 is a summary of legal conclusions for which no answer is required. To the extent an answer is required, Paragraph 3 is denied.

**JURISDICTION AND VENUE**

4. Paragraph 4 is a conclusion of law to which no answer is required. Defendant does not dispute the Court's subject matter jurisdiction.

5. Paragraph 5 is a conclusion of law to which no answer is required. Defendant does not dispute the venue of this action.

## PARTIES

6. Admitted.

7. Admitted.

8. Defendant admits Luke Page is an employee of Defendant and that he holds the title of Property Manager for the subject property. Defendant denies all other allegations in Paragraph 8. By way of further answer, Luke Page lacks authority to deviate from Defendant's policies concerning emotional support animals.

## FACTS

9. Denied. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9.

10. Denied. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10. As for the footnote appended to Paragraph 10, it contains no factual assertion requiring an answer. To the extent an answer is required, the footnote is denied.

11. Denied. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11.

12. Denied. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12.

13. Defendant admits Complainants signed a lease with Defendant to live at the subject property and that the lease is dated May 15, 2019. Defendant denies all other allegations in Paragraph 13.

14. Defendant admits that Paragraph 14 recites language from the lease. Defendant denies all other allegations in Paragraph 14.

15. Defendant admits that Paragraph 15 recites language from the lease. Defendant denies all other allegations in Paragraph 15.

16. Defendant admits that Paragraph 16 recites language from the lease. Defendant denies all other allegations in Paragraph 16.

17. Defendant admits Complainants moved into the subject property at Unit 30-304. Defendant denies all other allegations in Paragraph 17 because Defendant lacks knowledge or information sufficient to form a belief as to their truth.

18. Denied. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18.

19. Denied. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19.

20. Denied. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20.

21. Denied. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21.

22. Denied. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22.

23. Defendant admits Paragraph 23 recites language from an email dated January 6, 2020, that Ms. Grant sent Kimberly Bellemore, the Assistant Community Manager for the subject property. Defendant denies all other allegations in Paragraph 23.

24. Defendant admits Paragraph 24 recites language from an email Ms. Bellemore sent Ms. Grant. Defendant denies all other allegations in Paragraph 24.

25. Denied. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25.

26. Denied. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26.

27. Defendant admits Ms. Grant sent Ms. Bellemore an email dated January 21, 2020, and attached a document appearing to be a letter written by a Ms. Szczepanski. Defendant denies all other allegations in Paragraph 27.

28. Defendant admits Ms. Bellemore and Mr. Page discussed Ms. Grant's request for an emotional support animal. Defendant also admits that Ms. Bellemore notified Ms. Grant that her request was approved, and that Defendant's policy was to allow most domestic pets as emotional support animals but not dogs. Defendant denies all other allegations in Paragraph 28.

29. Defendant admits Ms. Grant notified Ms. Bellemore by email that she wanted a dog as an emotional support animal. Defendant also admits Ms. Grant asserted in the same email that information found on a HUD website supported her right to have a dog. Defendant denies all other allegations in Paragraph 29.

30. Defendant admits Ms. Bellemore notified Mr. Page by email that Ms. Grant was unhappy that she could not have a dog as her emotional support animal, and that Mr. Page confirmed to Ms. Bellemore that Defendant did not allow dogs as emotional support animals. Defendant denies all other allegations in Paragraph 30.

31. Defendant admits Ms. Grant contacted Ms. Bellemore by email and in person about her request to have a dog for an emotional support animal. Defendant also admits Ms. Bellemore informed Ms. Grant that Defendant did not permit dogs as emotional support animals. Defendant denies all other allegations in Paragraph 31.

32. Admitted.

33. Defendant admits it allows tenants to have trained service dogs. Defendant also admits that its policy toward dogs as trained service animals or emotional support animals is not in writing. Defendant denies all other allegations in Paragraph 33.

34. Denied.

35. Defendant admits that Complainants gave notice of their intent to leave the subject property on May 18, 2021. Defendant denies all other allegations in Paragraph 35 because it lacks knowledge or information sufficient to form a belief as to their truth.

36. Denied.

## PROCEDURAL BACKGROUND

37. Defendant admits the Secretary of HUD investigated the complaint made by Complainants. Defendant denies all other allegations in Paragraph 37.

38. Defendant admits the Secretary issued a charge of discrimination against Defendant dated March 8, 2021. Defendant denies all other allegations in Paragraph 38.

39. Admitted.

40. Paragraph 40 is a conclusion of law for which no answer is required. To the extent an answer is required, Paragraph 40 is denied.

## FAIR HOUSING ACT VIOLATIONS PURSUANT TO
## 42 U.S.C. §3604(f)(2), (3)(B)

41. Defendant repeats herein all answers asserted to the preceding paragraphs.

42. Denied.

43. Denied.

44. Denied.

## STATEMENT OF AFFIRMATIVE DEFENSES

Defendant asserts the following affirmative defenses.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim for which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The Complaint must be dismissed because Ms. Grant is not handicapped as this term is defined in 42 U.S.C. § 3602(h) and, therefore, the alleged actions of Defendant did not violate any law.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's Complaint must be dismissed because Defendant's policies and practices with respect to tenant requests for emotional support animals has a manifest relationship to a legitimate, nondiscriminatory interest.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff cannot show defendant had the necessary discriminatory intent or malice to cause the injuries alleged.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint must be dismissed because Plaintiff cannot demonstrate the dog demanded by Ms. Grant as an emotional support animal alleviated any disability of Ms. Grant.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint must be dismissed because one or both Complainants are not aggrieved persons as that term is defined under 42 U.S.C. §§ 3602, 3604.

### SEVENTH AFFIRMATIVE DEFENSE

Damages sought by Plaintiff for any aggrieved person must be denied to the extent the aggrieved person fails to comply with discovery orders of the Court.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of waiver and estoppel by the alleged aggrieved person failing to declare the alleged disability at the beginning of the tenancy. The delayed disclosure constitutes a fundamental alteration to this apartment complex of 564 units.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are unreasonable and unripe for review because Plaintiff has neither alleged nor provided proof that a Saint Bernard is a common household pet recommended by a veterinarian for apartment living at the Tara Heights. This condition is implied by law.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims fail because the accommodation requested by Complainants imposes an undue burden on Defendant.

\* \* \* \* \*

Defendant reserves the right to amend and supplement this statement of affirmative defenses, up to and including the time of trial, as new or additional information is discovered.

### JURY DEMAND

Defendant requests a jury trial on all claims so triable.

### PRAYER FOR RELIEF

WHEREFORE, Defendant respectfully requests this Honorable Court:

A. Dismiss Plaintiff's Complaint with prejudice at Plaintiff's cost;

B. Grant such other and further relief as this Court deems just and equitable.

                                        Respectfully submitted,

                                        JOHN J. FLATLEY

                                        By his attorneys,

                                        CULLENCOLLIMORE, PLLC

Dated: June 8, 2021                      /s/ Jonathan M. Shirley
                                        Jonathan M. Shirley (NH Bar 16494)
                                        10 East Pearl Street
                                        Nashua, NH 03060
                                        (603) 881-5500
                                        jshirley@cullencollimore.com

## CERTIFICATE OF SERVICE

     I certify that the foregoing Answer of Defendant John J. Flatley was this day transmitted to all counsel of record using the Court's Electronic Filing System.

Dated: June 8, 2021                      /s/ Jonathan M. Shirley
                                          Jonathan M. Shirley