IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | **CONSENT DECREE** |
| | ) | |
| v. | ) | Civil Action No. 1:21-cv-00285-JL |
| | ) | |
| JOHN J. FLATLEY d/b/a JOHN J. FLATLEY | ) | |
| COMPANY and LUKE PAGE, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## I.     INTRODUCTION

On April 9, 2021, the United States of America ("United States") filed this action on behalf of complainants Natasha Grant and Farhad Pourkamali Anaraki (the "Complainants") against Defendants John J. Flatley d/b/a John J. Flatley Company ("Company") and Luke Page ("Page") (collectively, "Defendants") to enforce the provisions of Title VIII of the Civil Rights Act of 1968 ("the Fair Housing Act"), as amended by the Fair Housing Amendments Act of 1988, 42 U.S.C. § 3601, *et seq*. The United States brought this complaint following a Determination of Reasonable Cause and Charge of Discrimination issued by the Secretary of Housing and Urban Development and a timely notice of election filed by the Complainants. *See* 42 U.S.C. § 3612(o).

The United States alleges that Defendants discriminated on the basis of disability and violated the Fair Housing Act, 42 U.S.C. § 3604(f)(2) and (3)(B), by discriminating in the terms and conditions of a rental of a dwelling on the basis of disability and by refusing to make accommodations in policies and practices in order to permit the Complainants to move Ms. Grant's assistance animal into the apartment. The United States seeks an order declaring Defendants' policies and practices discriminatory, enjoining Defendants from further discriminatory actions, and awarding damages.

Defendants expressly deny any wrongdoing and maintain they have always complied with the Fair Housing Act.  It is understood and acknowledged that this Consent Decree does not constitute an admission by Defendants of any violation of the Fair Housing Act or any other law.

The parties agree that, in the interest of conserving time and expense, this matter should be resolved without further litigation.  Therefore, as indicated by the signatures below, the parties agree to the entry of this Consent Decree.  This Consent Decree constitutes full resolution of the United States' claims that Defendants discriminated as alleged in the Complaint.

THEREFORE, it is hereby ORDERED, ADJUDGED and DECREED:

## II.    **GENERAL AGREEMENT**

1.    Defendants agree and acknowledge that the following paragraphs (a)-(b) are prohibited by law:

a.    Discriminating in the terms, conditions or privileges of rental of a dwelling to a renter because of disability in violation of 42 U.S.C. § 3604(f)(2); and

b.    Discriminating on the basis of disability in violation of 42 U.S.C. § 3604(f)(3)(B), by failing to make reasonable accommodations in rules, policies, practices, or services, when such reasonable accommodations may be necessary to afford a person with a disability an equal opportunity to use and enjoy a dwelling.

### III.   POLICY CONCERNING ASSISTANCE ANIMALS

2.      No later than thirty (30) days after entry of this Consent Decree, the Company shall adopt the reasonable accommodation policy ("the New Policy") set forth in Attachment A for implementation at residential dwellings owned or managed by the Company in New Hampshire.

3.      The New Policy, once adopted, shall supersede all existing policies, procedures, and resolutions concerning or affecting approval of reasonable accommodations at residential dwellings owned or managed by the Company in New Hampshire, including but not limited to approval of assistance animals at Tara Heights Apartments (the "Subject Property").

4.      Within forty-five (45) days after entry of this Consent Decree, the Company shall notify in writing each resident of dwellings in New Hampshire owned or managed by the Company of the adoption and implementation of the New Policy by posting and prominently displaying the new Policy in each of the residents' buildings where activity related to the management or rental of the Company's residential dwellings occurs.

5.      Within thirty (30) days after entry of this Consent Decree, the Company shall post and prominently display in each and every New Hampshire location where activity related to the management or rental of the Company's residential dwellings occurs, a poster no smaller than 11 inches by 14 inches that indicates that all such dwellings are available for rent on a nondiscriminatory basis.  The poster shall comply with the requirements set out in 24 C.F.R. Part 110.

6.      No later than fourteen (14) days after adoption of the New Policy, the Company shall apprise the Property Manager for each New Hampshire residential dwelling owned or managed by the Company of the New Policy, and this Consent Decree.  Each Property Manager covered by this paragraph shall sign a statement in the form of Attachment B acknowledging that

he or she has received, read and understands this Consent Decree, that any questions he or she had concerning the Consent Decree were answered, and that he or she understands that the Company may be sanctioned or penalized if the terms of this Consent Decree are violated.

7.     During the term of this Consent Decree, new Property Managers for New Hampshire residential dwellings owned or managed by the Company, shall be (a) provided copies of the New Policy and this Consent Decree and (b) execute the statement contained in Attachment B no later than five (5) days following their first day of employment.

## IV.    MANDATORY EDUCATION AND TRAINING

8.     Within ninety (90) days of the entry of this Consent Decree, the Company shall cause the Property Manager from each residential dwelling owned or managed by the Company in New Hampshire and the Company's Vice President of Residential to attend, at the Company's expense, a training program regarding the Fair Housing Act, including its disability discrimination provisions.  The training, which may be an online training, will be conducted by a qualified third party, approved by the United States, and unconnected to the Company, its employees, agents, or counsel.

9.     The Company will obtain from the trainer or training entity certificates of attendance.  The certificates will include the names of the attendees, the course, the date the course was taken, the subject matters covered in the course, and the length of the course and/or time within which the course was completed.

## V.    REPORTING AND RECORDKEEPING

10.     During the term of this Consent Decree, the Company will notify and provide documentation to the United States of the following events within ninety (90) days of the entry of this Consent Decree and every three (3) months thereafter for the duration of the Consent Decree:

a.     The training attended pursuant to Paragraph 8, including the certification required in Paragraph 9;

b.     Any change to the Company's rules or practices affecting the keeping of assistance animals at any New Hampshire residential dwelling the Company owns or manages;

c.     Any denial by the Company of a request by a tenant or prospective tenant of a residential dwelling owned or managed by the Company in New Hampshire to keep an assistance animal, including the resident's name, e-mail, address, and telephone number, and the details of the request and the reason(s) for its denial;

d.     Any conditions proposed or imposed by the Company relating to assistance animals on a tenant or prospective tenant of a residential dwelling owned or managed by the Company in New Hampshire who keeps or requests to keep an assistance animal, including the resident's name, e-mail, address, and telephone number, and the details of the request and the reason(s) for any proposed conditions; and

e.     Any written complaint received by the Company from a tenant or prospective tenant of a residential dwelling owned or managed by the Company in New Hampshire alleging disability discrimination in housing arising from or relating to an assistance animal, including a copy of the written complaint itself and the name, e-mail, address, and telephone number of the complainant.  The Company will also promptly provide the United States with information concerning resolution of the complaint.

f.     For paragraphs 10.c-10.e, if the tenant or prospective tenant does not consent for their information to be disclosed to the United States, then the Company, upon

producing a written withholding of consent, may redact the tenant/prospective

tenant's name and other contact information.  The United States may seek relief

from the Court for the unredacted records.

11.    During the term of this Consent Decree, the Company will preserve all records

relating to its obligations under this Consent Decree.  Representatives of the United States will be

permitted, upon providing reasonable notice to counsel for the Company, including the names in

writing of such representatives, to inspect and copy at reasonable times any and all records related

to the Company's obligations under this Decree.

## VI.    MONETARY DAMAGES TO AGGRIEVED PERSONS

12.    No later than fourteen (14) days after the date of entry of this Consent Decree, the

Company will pay the sum of thirty-five thousand dollars ($35,000) in monetary damages to

Natasha Grant and Farhad Pourkamali Anaraki by certified check payable to them.  The Company

shall deliver this payment in hand or by certified mail to Raphael Katz, Assistant United States

Attorney, United States Attorney's Office, 53 Pleasant Street, 4th Floor, Concord, NH 03301.

13.    As a prerequisite to receiving such payment, Natasha Grant and Farhad Pourkamali

Anaraki will execute a release of all claims, legal or equitable, that they may have against

Defendants relating to the allegations asserted in this Civil Action.  Such release will take the form

of Attachment C.

## VII.    JURISDICTION, DURATION, MODIFICATION, AND REMEDIES

14.    The Parties stipulate, and the Court finds, that this Court has subject matter

jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1345 and 42 U.S.C. § 3612(o).

15.     This Consent Decree is effective immediately upon its entry by the Court.  Conduct of Defendants occurring prior to the effectiveness of this Consent Decree shall not be a violation of the Consent Decree even if the conduct is reported after this Consent Decree becomes effective.

16.     This Court will retain jurisdiction over this action and the parties thereto for the duration of this Consent Decree for the purpose of enforcing and modifying its terms.  This Consent Decree will be in effect for a period of two (2) years from its effective date.

17.     Any time limits for performance imposed by this Consent Decree may be extended by mutual written agreement of the Parties.

18.     The Parties shall endeavor in good faith to resolve informally any differences regarding interpretation of and compliance with this Consent Decree prior to bringing such matters to the Court for resolution. However, in the event of a failure by the Company to perform in a timely manner any act required by this Consent Decree or otherwise to act in conformance with any provision thereof, the United States may move this Court to impose any remedy authorized by law or equity, including but not limited to, an order requiring performance of such act or deeming such act to have been performed, as well as an award of damages, costs and reasonable attorney's fees which may have been occasioned by the violation or failure to perform.

19.     All Parties will be responsible for their own attorney's fees and costs, except as otherwise provided in this Consent Decree.

### VIII.     TERMINATION OF LITIGATION HOLD

20.     The Parties agree that, as of the date of entry of this Consent Decree, litigation is not "reasonably foreseeable" concerning the matters described in Paragraphs 1-2.  To the extent that the Parties previously implemented a litigation hold to preserve documents, electronically stored information, or things related to the matters described in the Introduction to this Consent

Decree, the party is no longer required to maintain such a litigation hold.  Nothing in this Paragraph relieves either party of any other obligations imposed by this Consent Decree.

So ORDERED this __27th__ day of _____December_____, __2021__.

_____
JOSEPH LAPLANTE
United States District Court

The undersigned hereby apply for and consent to the entry of this Consent Decree:

JOHN J. FARLEY
Acting United States Attorney

DATE: _____12/22/2021_____          _____/s/ Raphael Katz_____
Raphael Katz
Assistant U.S. Attorney
NY Bar No. 4371688
United States Attorney's Office
District of New Hampshire
53 Pleasant Street, 4th Floor
Concord, NH
(603) 225-1552
Raphael.Katz@usdoj.gov

Counsel for Plaintiff United States of
America

DATE: _____12/22/2021_____          _____/s/ Jonathan Shirley_____
Jonathan M. Shirley (NH Bar No. 16494)
Cullen Collimore Shirley PLLC
37 Technology Way, Suite 3W2
Nashua, NH 03060
(603) 881-5500
jshirley@cullencollimore.com

and

Joseph Mitchell
Law Office of Joseph E. Mitchell, P.C.
P.O. Box 446
Merrimack, NH 03054
(603) 424-7370
Nhlaw81@gmail.com

Counsel for Defendant John J. Flatley d/b/a John J. Flatley
Company


DATE: _____12/23/2021_____          _____/s/ Gregory Palkon_____
                                       Gregory Palkon (NH Bar No. 14030)
                                       22 Concord Street
                                       Nashua, NH  03064
                                       (603) 889-8009
                                       greg@palkonlaw.com

                                       Counsel for Defendant Luke Page

**ATTACHMENT A**

**Reasonable Accommodation Policy**

The Federal Fair Housing Act and other state and local fair housing laws require that housing owners and managers provide reasonable accommodations for applicants and residents who have disabilities.  John J. Flatley d/b/a John J. Flatley Company, and its employees, agents, and designees ("Flatley"), are committed to granting reasonable accommodations when necessary to afford persons with disabilities the equal opportunity to use and enjoy a dwelling at any and all of their rental units.

Reasonable accommodations may include waiving or varying rules or policies to allow a resident with a disability to keep an "assistance animal."  An assistance animal is an animal that does work or performs tasks for the benefit of a person with a disability, or provides emotional support or other assistance that may be necessary to afford the person an equal opportunity to use and enjoy housing ("Assistance Animal") [1].  The most common Assistance Animals are dogs, although other animals may qualify as assistance animals.  Assistance Animals are not considered "pets" under Flatley policies.  Flatley recognizes the importance of Assistance Animals and is committed to ensuring that its tenants with Assistance Animals may keep them in their units.

If a resident with a disability requests a reasonable accommodation for an Assistance Animal, Flatley will determine whether the animal may be necessary to afford the resident an equal opportunity to enjoy living at one of Flatley's properties.  In some cases, both the disability and the necessity for the Assistance Animal are obvious – for example, a dog guiding an individual who is blind or has low vision, or a dog pulling the wheelchair of a person with a mobility disability.  If this is the case, no further inquiry will be made and Flatley will grant the resident the accommodation unless the presence of the animal (1) imposes an undue financial and administrative burden; (2) fundamentally alters the nature of Flatley's operations; or (3) would pose a direct threat to the health and safety of other people.

If a resident requests a reasonable accommodation for an Assistance Animal and the disability of the resident and/or the necessity for the Assistance Animal is not obvious, Flatley may require a written verification from a licensed health or social service professional [2] indicating that the applicant has a disability [3] and that the presence of the animal may be necessary to provide the resident an equal opportunity to use and enjoy his/her apartment.  Upon receipt of the verifications, Flatley will then grant the resident the accommodation unless the presence of the animal (1)

---

[1] Assistance Animals need to have the license and registration required by the applicable state and municipal laws.

[2] "Health or social service professional" means a person who provides medical care, therapy or counseling to persons with disabilities, including, but not limited to, doctors, physician assistants, psychiatrists, psychologists, or licensed social workers.

[3]  Under fair housing laws, a person with a disability is defined as a person who has a physical or mental impairment that substantially limits one or more major life activities, is regarded as having such an impairment, or has a record of such an impairment.

imposes an undue financial and administrative burden; (2) fundamentally alters the nature of Flatley's operations; or (3) would pose a direct threat to the health and safety of other people.

Flatley will not require:

i.      That the Assistance Animal have any special training or certification;

ii.     That the Assistance Animal be subject to breed or age restrictions;

iii.    That the Assistance Animal be required to wear a vest or other insignia that identifies it as an Assistance Animal; or

iv.     That the resident pay any fee, deposit, or other charge for keeping the animal, or obtain insurance as a condition of keeping the animal.

If Flatley seeks verification of a tenant's disability and the need for an Assistance Animal, Flatley will not:

i.      Request whether a licensed health or social service professional would be willing to testify in a court proceeding regarding the request for accommodation;

ii.     Require the licensed health or social service professional to provide a curriculum vitae;

iii.    Require an interview with the licensed health or social service professional.

In processing requests for Assistance Animals, Flatley will take reasonable measures to protect the confidentiality of any information or documentation disclosed in connection with the requests. Such measures may include limiting access to such information to persons specifically designated to deal with requests for reasonable accommodations, who will disclose information only to the extent necessary to determine whether to grant the request, and keeping all written requests and accompanying documentation in a secure area to which only those designated persons have access, except as otherwise required by law.

A person with a disability may request a reasonable accommodation orally, but Flatley may ask the person with the disability to complete or assist in completing a "Form to Request An Assistance Animal" (attached to this Policy). Flatley will evaluate the requested accommodation regardless of whether the person completes the written form, but the person must cooperate in providing all information needed to complete the form.

If the applicant requires assistance in completing the form, the Property Manager, on-site property caretaker or his or her designee will provide assistance or will fill out the form based on an oral request. Defendants are using the form to record reasonable accommodation requests so that they can obtain only the information necessary to make a reasonable accommodation decision and not obtain confidential information that they do not need to make a reasonable accommodation decision.

Once Flatley receives the request for an assistance animal and, if applicable, additional verifying information, it will provide a response within fourteen days.  If a request is denied, an explanation for the denial will be included in the written notification of denial.  If a person with a disability believes that a request has been denied unlawfully or that the response is delayed unreasonably, he or she may file a complaint with:

U.S. Department of Housing and Urban Development
Office of Fair Housing and Equal Opportunity
451 Seventh Street, SW
Washington, DC  20410
(800) 669-9777
http://portal.hud.gov/hudportal/HUD?src=/program_offices/fair_housing_equal_opp/online-complaint

**FORM TO REQUEST AN ASSISTANCE ANIMAL**

The Federal Fair Housing Act and other state and local fair housing laws require that housing owners and managers provide reasonable accommodations for applicants and residents who have disabilities.  Flatley and its employees, agents, and designees are committed to granting reasonable accommodations when necessary to afford persons with disabilities an equal opportunity to use and enjoy a dwelling at any and all of their rental units.

Under fair housing laws, a person is entitled to a reasonable accommodation if he or she has a disability that is defined as a physical or mental impairment that substantially limits one or more major life activities.  The person also must show that he or she may need the accommodation because of the disability.  Reasonable accommodations may include waiving or varying rules or policies to allow a resident to keep an assistance animal.  An assistance animal is an animal that does work or performs tasks for the benefit of a person with a disability, or provides emotional support or other assistance that may be necessary to afford the person an equal opportunity to use and enjoy housing ("Assistance Animal").

If you or someone associated with you has a disability and you believe that there is a need for an Assistance Animal as a reasonable accommodation for the person with a disability to use and enjoy a dwelling unit at _____, please complete this form and return it to _____.  Please check all items that apply and answer all questions.  _____ will answer this request in writing within 14 days of receiving the request for an assistance animal and, if applicable, the verification from the health care provider.  All information provided to _____ in connection with this request will be kept confidential, except as otherwise required by law.  If you require assistance in completing this form, please call the management office at (telephone number) for assistance or to make an oral request for a reasonable accommodation.

1.	Do you require assistance filling out this form?

	□ Yes   □ No

If your answer is "Yes," and you do not have someone who can assist you, please ask [name and phone number] to assist you in filling out this form.

If your answer is "No," continue on to Question No. 2.

2.	Today's Date: _____

3.	I am (please check one):

_____ **The person who has a disability and is requesting an Assistance Animal**.  If so, continue to Question 4.

_____ **A person making a request on behalf of or assisting the person with a disability** who needs an Assistance Animal.  Please fill out the information below:

Name of person filling out form: _____

Address: _____

Telephone number: _____

Relationship to person needing Assistance Animal:_____

4.      Name of person with a disability for whom a reasonable accommodation is being requested:

_____

Phone number: _____

Address: _____

5.      Identify the species of animal for which you are making a reasonable accommodation request e.g., "dog," "cat":

_____

6.      Provide the name and physical description (size, color, weight, any tag and/or license) of the animal for which you are making a reasonable accommodation request:

_____

_____

_____

_____     _____
Signature of person making request           Date

_____     _____
Signature of person with disability           Date

Applicant Name:_____

**_TO BE COMPLETED BY THE PHYSICIAN, PSYCHIATRIST, OR OTHER LICENSED HEALTH OR SOCIAL SERVICE PROFESSIONAL:_**

1.     Please provide a statement verifying that the person has an impairment that substantially limits one or more of the person's major life activities.

_____
_____
_____

2.     Please state whether the animal is necessary for the person to have an equal opportunity to use and enjoy housing or alleviate one or more of the effects of the person's disability. If so, please explain how it helps.

_____
_____
_____
_____

Name: _____

Title: _____

Address: _____

Telephone: _____

_____     _____
Signature                                                                      Date

**TO BE COMPLETED BY MANAGEMENT:**

Form accepted by: _____

_____     _____
Signature                                                                      Date

2

**DRAFT--SUBJECT TO FRE 408 AND DEPARTMENT OF JUSTICE APPROVAL**

**ATTACHMENT B**
**Certification of Receipt of Consent Decree**

I certify that I have received a copy of the Consent Decree entered by the Court in *United States of America v. John J. Flatley d/b/a John J. Flatley Company, et al.* No. 1:21-cv-00285-JL (D. N.H.).  I further certify that I have read and I understand the Consent Decree; that any questions I had concerning it were answered; and that I understand the Defendant John J. Flatley d/b/a John J. Flatley Company may be sanctioned or penalized if the Consent Decree is violated.

_____

(Signature)

_____

(Printed name)

_____

(Title)

_____

(Date)

**ATTACHMENT C**
**Release**

In consideration of the Consent Decree entered in *United States of America v. John J. Flatley d/b/a John J. Flatley Company, et al.*, No. 1:21-cv-00285-JL (D. N.H.), and of the payment of the sum of $35,000 to me pursuant to that Consent Decree, I, [Natasha Grant/Farhad Pourkamali Anaraki], hereby release Defendants John J. Flatley d/b/a John J. Flatley Company and Luke Page, who are named in this Civil Action, as well as their agents, employees, officers, directors, insurers, attorneys, administrators, heirs, assigns, and successors (collectively, the "Released Parties"), from any and all liability for any claims, legal or equitable, I may have against them arising out of the issues alleged in this Civil Action or in the Charge of Discrimination filed with the New Hampshire Commission for Human Rights (NHCHR # HD (R) 0084-20) as of the date of the entry of the Consent Decree.  I agree that I shall cause the Charge of Discrimination filed with the New Hampshire Commission for Human Rights to be withdrawn.  I fully acknowledge and agree that this release of the Released Parties will be binding on my heirs, representatives, executors, successors, administrators, and assigns.  I hereby acknowledge that I have read and understand this release and have executed it voluntarily and with full knowledge of its legal consequences.


Dated:                                    _____
                                                 NATASHA GRANT/FARHAD
                                                 POURKAMALI ANARAKI

4